IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL A. ALEXANDER,

      Petitioner,      OPINION AND ORDER

 v.              10-cv-189-wmc

GREG GRAMS, Warden,
Columbia Correctional Institution,

      Respondent.

---

Michael A. Alexander has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because it is plain from the petition that Alexander is not entitled to relief, the petition will be dismissed.

The following facts are drawn from the petition and the Wisconsin Court of Appeals' decisions in *State of Wisconsin v. Alexander*, 323 Wis.2d 812, 2008 WL 1902006 (Wis. App. May 1, 2008) (unpublished decision), and *State of Wisconsin v. Alexander*, 2009AP1341-W (Wis. App. October 28, 2009).

FACTS

Michael Alexander is serving a sentence of life in prison after being convicted on March 16, 2004 in the Circuit Court for LaCrosse County of first degree intentional homicide, first degree intentional attempted homicide and two counts of first degree recklessly endangering

safety. He filed a post-conviction motion in the trial court claiming his trial counsel was ineffective. The trial court denied his motion on May 7, 2007.

Alexander appealed his conviction to the Wisconsin Court of Appeals claiming that his trial counsel was ineffective. (Case No. 2007AP1270). On May 1, 2008, the court of appeals affirmed Alexander's conviction. The court found that Alexander's counsel was not ineffective in moving for the admission of recorded statements of two witnesses to the shooting because the decision was a rational strategic decision. Also, the court found that the trial court did not err when it did not conduct a colloquy to determine whether Alexander knowingly waived his rights to confront the unavailable witnesses. The Wisconsin Supreme Court denied Alexander's petition for review on September 11, 2008.

On May 27, 2009, Alexander filed a collateral attack on his conviction by petition for a writ of habeas corpus in the Wisconsin Court of Appeals claiming that his appellate counsel was ineffective because he did not argue on appeal that trial counsel had conflicting interests in moving for admission of the recorded statements and that the trial court erred when it did not conduct a colloquy with Alexander to determine whether he waived his right to confront certain witnesses. (Case No. 2009AP-1341-W). The court of appeals stated:

> Alexander argues that his trial counsel was ineffective when counsel moved to introduce a statement at trial that was arguably damaging to Alexander's defense. His first argument is that by moving this statement into evidence, trial counsel was, in essence, representing the State's interest. Alexander's second argument is that the trial court erred when it admitted this statement because it did not conduct a colloquy with Alexander to determine whether he waved his right to confront the witness.

The court of appeals rejected Alexander's arguments because they were actually claims of ineffective assistance of trial counsel and had already been raised and rejected in his direct appeal. The Wisconsin Supreme Court denied Alexander's petition for review on March 9. 2010.

OPINION

In his petition, Alexander contends that his appellate counsel was ineffective and that the state court of appeals erred in denying his petition for a writ of habeas corpus. He raises the following issues:

> 1. Whether appellate counsel erred in arguing that trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), rather than under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), because of trial counsel's conflict of interest;
>
> 2. Whether appellate counsel inadequately argued the issue of the trial court's failure to conduct a colloquy with Alexander to determine whether he waived his right to confront two witnesses whose tape-recorded statements were admitted at trial;
>
> 3. Whether the state court of appeals erred in finding that his petition for a writ of habeas corpus was about errors at trial rather than errors by his appellate counsel;
>
> 4. Whether the state court of appeals erred in finding that he had already litigated his claims on direct appeal;
>
> 5. Whether the state court of appeals erred in finding, contrary to its own procedural law, that he had to raise his claims in circuit court; and

>6. Whether the state court erred in finding that the issues he raised in his petition for a writ of habeas corpus were the same ones that he had raised in his direct appeal.

It appears that petitioner has exhausted his state court remedies and filed his petition within the one-year limitations period.

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The proverbial "notice pleading" historically permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error'." Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer.

*Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996).

Ineffective Assistance

In grounds one and two of his petition, Alexander contends that his appellate counsel was ineffective. In order to prevail on a Sixth Amendment ineffectiveness claim, the petitioner must satisfy both prongs of a two-pronged test. *Strickland v. Washington*, 466 U.S. 668 (1984). *See Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001). Petitioner must first show that his lawyer's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

In general, appellate counsel provides ineffective assistance only when he fails to perfect his client's appeal or waives potentially meritorious grounds for reversal. *Smith v. Farley*, 59 F.3d 659, 665 (7th Cir. 1995). In *Farley*, 59 F.3d at 665, the Seventh Circuit stated that when the petitioner claims not that his lawyer omitted valid grounds for appeal, but rather that he failed to present them in a competent manner, prejudice will not be found except in "highly unusual cases that we cannot at present envision." *Id*.

Alexander argues that his appellate counsel erred because he argued that trial counsel was ineffective under *Strickland* when he should have argued that trial counsel was ineffective under *Cuyler v. Sullivan*, 446 U.S. 335 (1980). In *Sullivan*, the Court held representation of

5

co-defendants by the same attorney is not by itself ineffective assistance of counsel, but a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice. *Id*. at 348-50. The conflict itself constitutes ineffective assistance of counsel. *Id*. at 350. Until a defendant shows that his counsel actively represented conflicting interests, he has not established ineffective assistance of counsel.

Alexander contends that his appellate counsel should have argued on appeal that his trial counsel was ineffective because of a conflict of interest in moving to introduce tape-recorded statements of two witnesses. To support this claim, Alexander says "trial counsel's motivation was for the prosecution in requesting this evidence." Alexander has presented no facts that his trial counsel actively represented conflicting interests. Therefore, he cannot show that his appellate counsel was ineffective for failing to raise this argument. The petition does not state facts that point to a real possibility of constitutional error.

Also, Alexander argues that his appellate counsel was ineffective because he inadequately argued the issue of the trial court's failure to conduct a colloquy with Alexander to determine whether he waived his right to confront two witnesses whose tape-recorded statements were admitted at trial. On direct appeal, Alexander's counsel argued that the trial court erred when it admitted tape-recorded statements of two unavailable witnesses without conducting a colloquy to discover whether Alexander was waiving his right to confront these witnesses. Appellate counsel argued that this waiver, similar to a waiver of rights in a guilty plea or waiver of a jury trial, was required, but cited no case holding that a colloquy was

required for the waiver of the right to confront a witness. The court of appeals was not persuaded by the argument and found that the trial court did not err by not conducting such a colloquy.

Just because Alexander's appellate counsel lost this argument on appeal does not mean he was ineffective. Alexander has presented no facts or law that show his appellate counsel's argument was not adequate. Specifically, he has cited no case showing that the trial court was required to conduct a colloquy to determine whether he waived his right to confront the witnesses which his appellate counsel could have used to support his argument, nor is this court aware of any.

## Remaining Claims

In grounds three through six, Alexander alleges that the state court of appeals incorrectly decided his state petition for a writ of habeas corpus. A review of the state court of appeals' decision suggests that Alexander's challenges lack merit. The court of appeals correctly decided that his claims were actually claims of ineffective assistance of counsel that had been raised and rejected on his direct appeal.

In any event, Alexander's disagreement with the manner in which the state court decided his ineffective assistance claim does not state an independent, cognizable claim. 28 U.S.C. § 2254(a). *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) ("Federal courts are not forums in which to relitigate state trials."). Alexander's allegations in grounds three through six are

insufficient to show that he is in custody in violation of the laws or Constitution of the United States.

## Denial of Certificate

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that Alexander is not entitled to habeas relief and no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

(1) The petition of Michael A. Alexander for a writ of habeas corpus challenging his La Crosse County conviction is DISMISSED WITH PREJUDICE under Rule 4 of the Rules Governing 2254 Cases.

(2)  Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253(c)(2)because he has not made a substantial showing of the denial of a constitutional right.

Entered this 29th day of April, 2010.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge